IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVIN BERNARD JONES,

        Plaintiff,                      Case No. 2:07-cv-02758 RCT

  vs.

S. FRAZESN, et al.,

                               **<u>ORDER</u>**

        Defendants.

_____/

       Plaintiff, ALVIN BERNARD JONES, ("Plaintiff") is a state prisoner proceeding *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Now before the Court are (1) plaintiff's motion to appoint counsel, and (2) the dismissal of defendant Easterling..

## I. MOTION TO APPOINT COUNSEL

       On January 6, 2009, Plaintiff filed a motion requesting the court appoint counsel. He submitted an affidavit in support of the motion.

       "[T]here is no absolute right to counsel in civil proceedings.*" Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to request that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood

PDF created with pdfFactory trial version www.pdffactory.com

of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff requests an attorney because (1) his prescribed pain medication impairs his ability to read and write, and (2) because an attorney would assist him in the presentation of evidence and cross-examination of witnesses presenting conflicting testimony. The issues in this case appear at this stage to be straightforward. Plaintiff appears to be handling routine filings coherently and competently. Therefore, at this time, the Court does not believe that the presence of counsel is necessary, based on the Plaintiff's abilities and the complexity of the case. Accordingly, the court denies Plaintiff's motion to appoint counsel without prejudice for lack of exceptional circumstances. If discovery yields information indicating that counsel may be necessary to effectively try this case, Plaintiff may re-file his motion to appoint counsel.

## II.  DISMISSAL OF DEFENDANT EASTERLING

On May 28, 2008, service as to defendant Easterling was returned unserved because he is on long term military leave. On July 25, 2008, the Court ordered Plaintiff to show cause why defendant Easterling should not be dismissed. On August 6, 2008, Plaintiff filed a response to the order to show cause. The Magistrate Judge, reviewing Plaintiff's response, concluded that service could not be effected, and that leaving the matter open indefinitely would interfere with resolution of the action and efficient operation of the court.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, records and files herein, and the Magistrate Judge's Findings and Recommendations. The Court concurs with the magistrate judge's evaluation and adopts the Findings and

PDF created with pdfFactory trial version www.pdffactory.com

Recommendations. Defendant Easterling shall be dismissed without prejudice.

Accordingly:

    1. Plaintiff's motion to appoint counsel is DENIED.

    2. Defendant Easterling is dismissed without prejudice.

IT IS SO ORDERED.

DATED:   June 1, 2009

                                       /s/ Richard C. Tallman
                                       UNITED STATES CIRCUIT JUDGE
                                       Sitting by Designation

PDF created with pdfFactory trial version www.pdffactory.com