IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVIN BERNARD JONES,

    Plaintiff,

v.

S. FRAZESN, et al.,

    Defendants.

_____/

Case No. 2:07-cv-02758 RCT

**ORDER GRANTING DEFENDANTS' MOTION FOR SANCTION OF DISMISSAL**

Plaintiff, ALVIN BERNARD JONES, ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Now before the Court is Defendants' motion for sanction of dismissal and expenses.[1] For the following reasons, the Court grants the motion for sanction of dismissal and denies the request for expenses.

**I.**

**BACKGROUND**

Plaintiff, a former state prisoner, brought this civil rights action pursuant to 42 U.S.C. § 1983, against Corrections Officers Frazesn, Dudder, Ayers, Solarzano,

---

[1] Defendants Frazesn, Dudder, Ayers, and Solarzano moved for sanction of dismissal. Defendant Bess subsequently joined the motion. The motion is granted as to all defendants.

and Bess (collectively "Defendants") asserting an excessive force claim under the Eighth Amendment and a due process claim under the Fourteenth Amendment. The action was filed on December 21, 2007. After several delays, discovery proceeded according to a July 16, 2008, Discovery Order, as well as a June 1, 2009, Supplemental Discovery Order and Scheduling Order.

Pursuant to those orders, Plaintiff's deposition commenced on July 30, 2009. He was incarcerated at the time. However, during the deposition, Plaintiff stated that he was unable to continue because he wasn't feeling well and was going to be sick. The deposition was adjourned and re-noticed for August 25, 2009, shortly after his release from prison. Defendants properly confirmed the second deposition date, time, and location with Plaintiff after his release from prison. Plaintiff stated that he would appear.

On August 25, 2009, Plaintiff failed to appear for the continued deposition. Defendants waited for approximately one hour. They contacted Plaintiff by phone. Plaintiff advised that he would not be attending the deposition. Defendants took a certificate of non-appearance.

As a result of Plaintiff's failure to complete his first deposition, this Court rescheduled filing deadlines and the trial date in its Second Supplemental Discovery Order and Scheduling Order in order to ensure that discovery was completed before pretrial motions were due. The Second Supplemental Discovery Order specifically admonished Plaintiff that failure to abide by his obligations to comply with this Court's orders would result in imposition of sanctions, including, but not limited to, dismissal of this action pursuant to Local Rule 11-110 (E.D. Cal.).

On September 10, 2009, Defendants Frazesn, Dudder, Ayers, and Solozarno moved for summary judgment. On September 17, 2009, Defendant Bess moved

for summary judgment. Plaintiff has failed to respond to either motion.

Finally, on October 2, 2009, Plaintiff failed to timely file his pretrial statement pursuant to the Second Supplemental Discovery Order.

Defendants move for sanction of dismissal and attorney's fees.

## II.

## MOTION FOR SANCTION OF DISMISSAL

Under Federal Rule of Civil Procedure ("Rule") 37(d)(1)(A)(i), "The court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition . . . ." Under Rule 37(b)(2)(A), "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Sanctions under both rules may include dismissal of the action. *See* Fed. R. Civ. P. 37(b)(2)(A)(v).

"Dismissal is a proper sanction under Rule 37(d) for a serious or total failure to respond to discovery even without a prior order." *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). Dismissal is proper under Rule 37(b) where a party has disobeyed a discovery order. *See Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Here, Plaintiff failed to complete his own deposition necessitating an adjournment while it was in progress and subsequently failed to attend a properly noticed continued deposition. Plaintiff then failed to meet his requirements under the Second Supplemental Discovery Order after he was warned that any further failure could result in sanctions, including dismissal of the action. Dismissal is thus a proper sanction.

However, in determining whether to dismiss this case as a punitive measure, we weigh five factors: "(1) the public's interest in expeditious resolution of

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)); *see also Wanderer*, 910 F.2d at 656.

The factors weigh heavily in favor of dismissal. This case has been pending for almost two years, yet Plaintiff has twice been uncooperative in Defendants' attempts to take his deposition. Moreover, Plaintiff's failure to file a pretrial statement in violation of the Court's Second Supplemental Scheduling Order has frustrated the public's interest in expeditious resolution of this litigation.

This Court has a responsibility to manage its docket, but Plaintiff's failures to complete or appear at depositions or to prepare and file a pretrial statement have impeded the Court's ability to ensure the steady progress of this litigation. The Court notes that the docket of the Eastern District of California has recently been so backlogged that several judges from the Ninth Circuit Court of Appeals, including the undersigned, have volunteered to sit by designation in order to help alleviate the caseload. These extra judges are straining the capacity of the district's available courtrooms, making rescheduling of trial dates difficult for the clerk to accommodate.

Plaintiff's delays have also risked prejudice to the Defendants, as their efforts to properly prepare for trial have been hindered. Because they have not been able to depose Plaintiff, Defendants risk proceeding to trial without an adequate means of discovering the merits of his claims or to effectively cross-examine or impeach Plaintiff should he choose to testify. In *Wanderer*, the Ninth Circuit found the existence of prejudice "palpable" where a party repeatedly failed to appear at depositions. 910 F.2d at 656. As in *Wanderer*, Plaintiff's failure to

appear constitutes a "clear interference" with Defendants' ability to defend the case. *Id.* Plaintiff's failure to file a pretrial statement also risks substantial prejudice to Defendants, as they cannot adequately prepare for trial without knowing Plaintiff's theory of the case.

While there is a public policy favoring disposition of cases on their merits, it is the inaction of Plaintiff himself that has resulted in the inability of the parties to complete discovery and proceed to trial. In addition to Plaintiff's failure to cooperate in the completion of his depositions or to file a pretrial statement, the Court also notes his failure to respond to Defendants' motion for summary judgment and apparent indifference to whether the case is resolved on the merits.

While the Court is free to levy monetary sanctions in lieu of the sanction of dismissal, the Plaintiff is proceeding *in forma pauperis*, has recently been released from prison, and is unlikely to have the means to pay even a modest sanction.

The Court notes that Plaintiff filed his suit while incarcerated. However, Plaintiff has apparently lost interest in pursuing this action since his release. The Court takes guidance from the Ninth Circuit's decision in *Ash*, where the plaintiff failed to respond to a dispositive motion. 739 F.2d at 497. The appellate court held that the district court did not abuse its discretion in deciding that the disinterest exhibited by the plaintiff in relation to the motion was indicative of his lack of interest in the entire case. *See id.* This Court similarly finds that Plaintiff's failure to complete his first deposition, failure to appear at his second deposition, failure to file a pretrial statement in disregard of this Court's orders, and apparent disinterest in failing to respond to Defendants' motion for summary judgment are indicative of his lack of interest in the entire case.

Plaintiff has been warned that failure to comply with this Court's orders may result in the sanction of dismissal. He has nevertheless failed to fulfill his

obligations to complete his own depositions, to file a pretrial statement, or to respond to Defendants' motion for summary judgment.  The Court finds that Plaintiff has knowingly and deliberately chosen to disobey the orders of this Court.  No lesser sanction will be effective on this record.

The motion for sanction of dismissal is GRANTED.

## III.

## MOTION FOR MONETARY SANCTION

Defendants also move for an $877.50 monetary sanction which they claim would compensate them for attorney's fees and court reporter fees.  In addition to a sanction of a dismissal, a court must "require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).  While Plaintiff's failure to abide by his obligations under this Court's discovery orders was not substantially justified, the Court finds his *in forma pauperis* status a circumstance that makes an award of expenses unjust.

The motion for monetary sanction is DENIED.

Accordingly, IT IS HEREBY ORDERED that:
1. Defendants' motion for sanction of dismissal is GRANTED with prejudice.
2. Defendants' motion for monetary sanction is DENIED.
3. Defendants' pending motions for summary judgment are DENIED as moot.

6

1  The Clerk of the Court shall send uncertified copies of this Order to Plaintiff
2  at his address of record and by electronic notice to Defendants' counsel.  Judgment
3  will be entered accordingly.
4  IT IS SO ORDERED.

6  DATED:     October 8, 2009

8  /s/ Richard C. Tallman
   UNITED STATES CIRCUIT JUDGE
   Sitting by Designation