IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN BERNARD JONES, | 2:07-cv-02758 RCT |
|     Plaintiff, | |
| vs. | |
| S. FRAZESN, et al., | |
|     Defendants. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| _____ | |

Plaintiff Alvin Bernard Jones ("Plaintiff") filed a Motion for Reconsideration of this Court's Order Granting Defendant's Motion for Sanction of Dismissal. For the following reasons, Plaintiff's motion is DENIED.

**I**

**Background**

Plaintiff, a former state prisoner, brought this civil rights action pursuant to 42 U.S.C. § 1983, against California Department of Corrections Officers Frazesn, Dudder, Ayers, Solarzano, and Bess (collectively "Defendants") asserting an excessive force claim under the Eighth Amendment and a due process claim under the Fourteenth Amendment. The action was filed on December 21, 2007. After several delays, discovery proceeded according to a July 16, 2008, Discovery Order, as well as a June 1, 2009, Supplemental Discovery Order and Scheduling Order.

Pursuant to those orders, Plaintiff's deposition commenced on July 30, 2009. He was incarcerated at the time. However, during the deposition, Plaintiff stated that he was unable to continue because he was not feeling well and was

going to be sick. He asked to return to his cell. The deposition was adjourned and re-noticed for August 25, 2009, shortly after his release from prison. Defendants properly confirmed with Plaintiff after his release from prison the second deposition date, time, and location. Plaintiff confirmed that he would appear.

But on August 25, 2009, Plaintiff failed to appear for the continued deposition. Defendants waited for approximately one hour. They contacted Plaintiff by phone. Plaintiff advised that he had decided he would not be attending the deposition. Defendants took a certificate of non-appearance.

As a result of Plaintiff's failure to complete his first deposition, this Court was forced to reschedule filing deadlines and to continue the trial date in its Second Supplemental Discovery Order and Scheduling Order in order to ensure that discovery was completed before pretrial motions were due. Because there are more than 2,000 similar cases by pro se inmates like Plaintiff pending in the Eastern District of California, and inadequate numbers of judges available to adjudicate them, a judicial emergency has been declared by the Ninth Circuit Judicial Council. More than seventy visiting judges have been designated to help handle the caseload. Available courtrooms are hard to find when a previous trial date must be rescheduled. The impact on court operations occasioned by uncooperative litigants is not inconsequential. The Second Supplemental Discovery Order specifically admonished Plaintiff that failure to abide by his obligations to comply with this Court's case management orders would result in the imposition of sanctions, including, but not limited to, dismissal of this action pursuant to Local Rule 11-110 (E.D. Cal.).

On September 10, 2009, Defendants Frazesn, Dudder, Ayers, and Solarzano moved for summary judgment. On September 17, 2009, Defendant Bess moved for summary judgment. Plaintiff failed to respond to either motion. On October 2, 2009, Plaintiff failed to timely file his pretrial statement pursuant to the Second Supplemental Discovery Order. Defendants moved for sanction of dismissal and

attorney fees. Plaintiff failed to timely respond. On October 8, 2009, this Court granted Defendants' motion for sanction of dismissal but denied the motion for attorney fees. Judgment was entered in favor of Defendants the same day.

On October 14, 2009, Plaintiff timely filed a motion for reconsideration. On November 5, 2009, before Defendants filed a response to Plaintiff's motion for reconsideration, Plaintiff appealed this Court's judgment. Apparently believing this Court lacked jurisdiction over Plaintiff's pending motion for reconsideration, Defendants failed to file a response. On January 13, 2010, this Court received notice that the Court of Appeal has held Plaintiff's appeal in abeyance pending this Court's resolution of Plaintiff's pending motion for reconsideration. On January 14, 2010, this Court ordered Defendants to file a response to Plaintiff's motion. On February 12, 2010, Defendant Bess filed a response. On February 17, 2010, Defendants Frazesn, Dudder, Ayers, and Solarzano filed their response.

The Court now denies Plaintiff's Motion for Reconsideration.

## II

## Plaintiff's Motion for Reconsideration

A motion for reconsideration must be based upon either Federal Rule of Civil Procedure ("Rule") 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Rule 59(e) offers "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Similarly, courts grant relief under Rule 60(b) only in "extraordinary circumstances." *United States v. Washington*, 593 F.3d 790, 799 (9th Cir. 2010). Plaintiff does not specify which rule provides the basis for his motion, therefore the Court will address each in turn.

### III

### Reconsideration Under Rule 59(e)

If a plaintiff files a motion for reconsideration within ten days of the entry of judgment, courts will ordinarily construe it as a motion to alter or amend judgment under Rule 59(e). *American Ironworks & Erectors, Inc. v. North American Const. Corp*, 248 F.3d 892, 898–99 (9th Cir. 2001). Plaintiff filed his motion six days after entry of judgment. The Court therefore construes his motion as a motion for reconsideration under Rule 59(e).

A Rule 59(e) motion is one that seeks to "alter or amend" a previous judgment entered by the court. Fed. R. Civ. P. 59(e). The Court considers Plaintiff's motion, even though it "simply rehashes arguments" made in his complaint without substantively addressing the Court's imposition of the sanction of dismissal. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984). Absent highly unusual circumstances, a motion under Rule 59(e) should not be granted unless: (1) a movant presents new evidence; (2) the court committed clear error; or (3) there is an intervening change in controlling law. *Carroll*, 342 F.3d at 945.

New evidence may be grounds for granting a motion for reconsideration if: (1) movant did not possess the information before defendants moved for dismissal; (2) movant's due diligence to discover the new evidence is shown or inferred; and (3) the evidence is of such a material nature that it would likely change the outcome. *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 210–12 (9th Cir. 1987). In the present case, Plaintiff offers no new evidence, rendering these criteria unavailing in support of his motion.

Reconsideration may be appropriate if the court committed clear error or rendered a manifestly unjust decision. *Multnomah*, 5 F.3d at 1263. Here, Plaintiff seems to argue that the Court lacked jurisdiction to rule on Defendants' motion,

1  resulting in clear error.  This argument lacks merit.  *See* 28 U.S.C. § 291(b).  In
2  addition, the Court incorporates its previous Order Granting Defendants' Motion
3  for Sanction of Dismissal.  Docket No. 52, 2009 WL 3254905 (E.D. Cal.).
4  Plaintiff's argument that he failed to appear at his continued deposition as a result
5  of an unidentified handicap or because Defendants did not pay for Plaintiff's
6  transportation does not change the Court's previous evaluation of the factors
7  identified in *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

   Based on uncontested declarations contained in the record, the Court finds as fact that before the close of his first deposition, Plaintiff specifically told Defendants he would have no trouble attending his continued deposition.  In addition, when Defendants telephoned Plaintiff to inquire as to the cause of his failure to appear, he did not state that he was handicapped or unable to pay for transportation.  Instead, he claimed that he had consulted an unidentified attorney who advised him not to appear.  Certificate of Nonappearance, Docket No. 43, Attachment 1.  Plaintiff does not address why he failed to timely oppose Defendants' Motion for Sanction of Dismissal or Defendant's Motion for Summary Judgment.  Nor does he address why he failed to timely file a pretrial statement. Plaintiff fails to offer any credible explanation for wilfully disobeying the orders of this Court, and for those reasons, the Court cannot conclude that its prior order was clearly erroneous or manifestly unjust.

   An intervening change in the law may also warrant granting a motion to alter or amend under Rule 59(e).  *Carroll*, 342 F.3d at 945.  However, the present case involves no such change.

   Accordingly, Plaintiff's Motion for Reconsideration fails to meet the standard for relief under Rule 59(e).

### IV

### Reconsideration Under Rule 60(b)

Although inapplicable in the present case due to the timing[1] of Plaintiff's filing, the Court notes that Plaintiff's argument would also fail under Rule 60(b). Rule 60(b) allows a party to seek relief and request reopening of his case due to mistake, newly discovered evidence, fraud, void judgment, satisfied judgment, or for any other reason that justifies relief. *Harvest*, 531 F.3d at 744–45.

Under Rule 60(b)(1), the court may relieve a party from final judgment due to mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). While Plaintiff does not articulate any of these grounds as a basis for his Motion for Reconsideration, he does offer several unfounded excuses for the actions that constituted the grounds upon which Defendants' Motion for Sanction of Dismissal was granted. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually establish 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 392 (1993). To determine whether Plaintiff's actions constitute excusable neglect, the Court applies the *Pioneer* factors: (1) the danger of prejudice to the nonmoving party; (2) the length of delay; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith. *See id.* at 395.

Plaintiff advances five arguments in support of his motion. First, he states that he would suffer prejudice if required to complete his deposition prior to the Defendants' production of an allegedly incriminating videotape. Second, Plaintiff states that Defendants would suffer no prejudice from an in-camera review of the videotape. Third, Plaintiff asserts that Defendants suffered no prejudice as a result of Plaintiff's failure to appear at the deposition. Last, Plaintiff provides two

---

[1] The court considers a motion for reconsideration a Rule 60(b) motion only if filed more than ten days after entry of judgment. *Harvest v. Castro*, 531 F.3d 737, 745–46 (9th Cir. 2008).

excuses for failing to comply with Court orders: (1) a physical handicap that prevented him from attending his deposition; and (2) Defendants' failure to financially compensate Plaintiff for his appearance at the deposition.

Plaintiff's arguments are not credible and are rejected as unconvincing. The *Pioneer* factors require the consideration of potential prejudice to the *nonmoving* party. *Id.* at 395. This Court has already concluded that Plaintiff's delays risked prejudice to Defendants by hindering their efforts to properly prepare for trial. Although Plaintiff asserts that a physical disability prevented his attendance at the deposition, Plaintiff offers no evidence that he communicated this concern to Defendants or that he attempted to reschedule the deposition in a manner that might accommodate his disability. *See* Fed. R. Civ. P. 30(b)(4), (c)(3). Furthermore, Plaintiff fails to explain how the disability prevented him from complying with the Orders of this Court. Applying the *Pioneer* factors, the Court concludes Plaintiff's actions did not constitute excusable neglect.

Under Rule 60(b)(2), new evidence may be grounds for granting a motion for reconsideration, but Plaintiff offers no new evidence, rendering this criterion inapplicable. Fed. R. Civ. P. 60(b)(2).

Rule 60(b)(3) offers relief if the opposing party engages in fraud, misrepresentation, or misconduct. Fed. R. Civ. P. 60(b)(3). Plaintiff carries the burden to prove the existence of such misconduct by clear and convincing evidence. *Atchison, T. & S.F. Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957). Here, Plaintiff seems to argue that alleged misconduct on behalf of Defendants prevented him from fully and fairly presenting his case. *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). Plaintiff repeatedly insists Defendants possess a videotape that would change the result of this Court's action. Defendants declare no such videotape has ever existed. *See* Ayers Decl., Docket No. 67, Ex. 3. Plaintiff has not established that Defendants

committed any misconduct.  *Atchison,* 246 F.2d at 849.

Finally, under Rule 60(b)(6) the Court may grant relief for any other reason justifying a remedy.  *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).  Relief is available only where extraordinary circumstances prevented the litigant from seeking earlier, more timely relief.  *Id*.  In the present case, Plaintiff offers no convincing explanation for his failure to comply with the Court's Orders or to respond to Defendants' motions.  Moreover, this Court expressly warned Plaintiff that "failure to abide by obligations under this Court's [Orders] . . . may result in an order of sanctions, including, but not limited to, dismissal of this action."  Because the Court cannot grant relief when the party seeking reconsideration has ignored his obligation to comply with court rules and procedures for the efficient conduct of litigation, Plaintiff's motion fails on this ground as well.  *Id.*

**V**

**Conclusion**

Plaintiff's Motion for Reconsideration is DENIED.

The Clerk of the Court shall send uncertified copies of this Order by U.S. mail to Plaintiff at his address of record and by electronic notice to Plaintiff's counsel and Defendants' counsel.

IT IS SO ORDERED.

DATED this 13th day of April, 2010.

/s/ Richard C. Tallman
UNITED STATES CIRCUIT JUDGE
Sitting by designation