IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

ALVIN BERNARD JONES,                    2:07-cv-02758 RCT

    Plaintiff,

vs.

S. FRAZESN, et al.,

    Defendants.                          <u>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM DISMISSAL OR COURT ORDER</u>

    Plaintiff Alvin Bernard Jones ("Plaintiff") filed a Motion for Relief from this Court's Order Granting Defendants' Motion for Sanction of Dismissal pursuant to Federal Rule of Civil Procedure 60(b)(1).  (Doc. No. 72.)  For the following reasons, the Court denies Plaintiff's Motion for Relief from Dismissal or Court Order.[1]

# I
## Background

    Plaintiff, a former state prisoner, brought this civil rights action pursuant to 42 U.S.C. § 1983 against California Department of Corrections Officers Frazesn, Dudder, Ayers, Solarzano, and Bess (collectively "Defendants") asserting an excessive force claim under the Eighth Amendment and a due process claim under the Fourteenth Amendment.  The action was filed on December 21, 2007.  After several delays, discovery proceeded according to a July 16, 2008,

---

[1] Because the Court finds oral argument will not be of material assistance, it orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(g).

Discovery Order (Doc. No. 18), as well as a June 1, 2009, Supplemental Discovery Order and Scheduling Order. (Doc. No. 35.)

Pursuant to those orders, Plaintiff's deposition commenced on July 30, 2009. He was incarcerated at the time. However, during the deposition at the prison where he was confined, Plaintiff stated that he was unable to continue because he was not feeling well and was going to be sick. He asked to return to his cell. The deposition was adjourned and re-noticed for August 25, 2009, shortly after his release from prison. Defendants contacted Plaintiff after his release from prison to confirm the second deposition date, time, and location. Plaintiff acknowledged that he would appear.

But on August 25, 2009, Plaintiff failed to appear for the continued deposition. Defendants waited for approximately one hour. They contacted Plaintiff by phone from the deposition location. Plaintiff advised that he had decided he would not be attending the deposition and provided three reasons for his failure to appear: (1) his vehicle had broken down; (2) he had consulted an unnamed attorney who advised him that he should not attend the deposition; and (3) he was upset because he did not obtain a copy of the transcript of his first deposition. Defendants took a certificate of non-appearance.

As a result of Plaintiff's failure to complete his first deposition, this Court was forced to reschedule case management deadlines and to continue the trial date in its Second Supplemental Discovery Order and Scheduling Order in order to ensure that discovery was completed before pretrial motions were due. (Doc. No. 41.) As previously explained by this Court, there are more than 2,000 prison litigation cases like Plaintiff's currently pending in the Eastern District of California, and inadequate numbers of judges available to adjudicate them. A judicial emergency has been declared by the Ninth Circuit Judicial Council. More than eighty visiting judges, including the undersigned, have been designated to help handle the caseload. Resident active judges in the district are

currently carrying more than 1,200 cases each. Available courtrooms are hard to find when a previous trial date must be rescheduled. The impact on court operations occasioned by uncooperative litigants aggravates the overload. The Second Supplemental Discovery Order specifically admonished Plaintiff that failure to abide by his obligations to comply with this Court's case management orders would result in the imposition of sanctions, including, but not limited to, dismissal of this action pursuant to Local Rule 11-110 (E.D. Cal.). (Doc. No. 41.)

Defendants moved for sanction of dismissal and attorney fees on September 3, 2009. (Doc. No. 43.) Plaintiff failed to oppose the motion. On, September 10, 2009, Defendants Frazesn, Dudder, Ayers, and Solarzano moved for summary judgment. (Doc. No. 45.) On September 17, 2009, Defendant Bess moved for summary judgment. (Doc. No. 48.) Plaintiff did not respond to either motion. On October 2, 2009, Plaintiff failed to timely file his pretrial statement pursuant to the Second Supplemental Discovery Order. (Doc. No. 41.) On October 8, 2009, this Court granted Defendants' motion for sanction of dismissal but denied the motion for attorney fees. (Doc. No. 52.) Judgment was entered in favor of Defendants the same day. (Doc. No. 53.) On October 9, 2009, apparently unaware that the case had been dismissed, Plaintiff finally filed his Opposition to Defendants' Motion for Summary Judgment. (Doc. No. 54.)

On October 14, 2009, Plaintiff timely filed a Motion for Reconsideration. (Doc. No. 55.) An Order Denying Plaintiff's Motion for Reconsideration was issued on April 13, 2010. (Doc. No. 69.) Given the timing of the motion, the Court construed Plaintiff's motion as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), but addressed the merits of the motion under both Rule 59(e) and Rule 60(b). The Court found that Plaintiff failed to show any grounds that would entitle him to Rule 59(e) relief under Ninth Circuit precedent. In considering the merits of Plaintiff's motion through the Rule 60(b)

lens, the Court determined that the excuses proffered by Plaintiff for failing to attend his second deposition did not amount to excusable neglect within the meaning of Rule 60(b)(1).  Specifically, in the order denying the motion, the Court stated that "Plaintiff's arguments are not credible and are rejected as unconvincing."  The Court also determined that Plaintiff did not offer any explanation for his failure to timely file a pretrial statement or his failure to oppose Defendants' Motion for Sanction of Dismissal itself.

On November 5, 2009, before the Court ruled on his Motion for Reconsideration, Plaintiff appealed this Court's dismissal order, and the appeal was stayed until the resolution of the motion.  Following the denial of Plaintiff's Motion for Reconsideration, the parties stipulated to a dismissal of the appeal.  The United States Court of Appeals for the Ninth Circuit issued an order dismissing the appeal on May 17, 2010.

Plaintiff was proceeding pro se throughout this litigation, but has now obtained counsel who filed the pending Motion for Relief from the Order Granting Defendants' Motion for Sanction of Dismissal.  (Doc. No. 72.)

The Court now denies Plaintiff's Motion for Relief from Dismissal or Court Order.

## II

### Plaintiff's Motion for Relief from Dismissal or Court Order

Plaintiff seeks relief from dismissal of his civil action under Federal Rule of Civil Procedure 60(b)(1).  Plaintiff alleges that the Order Granting Defendants' Motion for Sanction of Dismissal resulted from several mistakes of fact underlying this Court's ruling, as well as his own "surprise" or "excusable neglect."

A district court "may relieve a party" from a final order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  However, "[a] motion under Rule 60(b) must be made within a reasonable

time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). While the words "mistake" and "inadvertence" encompass mistake and inadvertence on the part of the court, *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999), a motion for relief on grounds of judicial error must be filed "within a reasonable time not exceeding the time for appeal." *Chandler v. Wilson*, No. 2:05-cv-016454-WBS-PAN, 2006 WL 133417 at *3 (E.D. Cal. 2006) (quoting *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir. 1966)).

Judgment was entered on the order dismissing Plaintiff's action on October 8, 2009, giving Plaintiff 30 days to appeal. *See id.*; Fed. R. App. P. 4(a)(1)(A). Plaintiff filed the pending motion under Rule 60(b)(1) on June 25, 2010. Accordingly, all claims raised by Plaintiff concerning factual mistakes underlying this Court's Order Granting Defendants' Motion for Sanction of Dismissal (Doc. No. 52), are barred as untimely.[2] Consequently, the only issue before this Court is whether Plaintiff qualifies for relief as a result of his own "surprise" or "excusable neglect."

---

[2] Plaintiff cites *Crateo, Inc. v. Intermark, Inc.*, 536 F.2d 862 (9th Cir. 1976), in support of the argument that after he filed his Notice of Appeal (Doc. No. 57) on November 5, 2009, this Court was without jurisdiction to rule on any Rule 60(b) motions brought before it and that he was, therefore, precluded from filing a Rule 60(b) motion in this court until the Ninth Circuit dismissed his appeal. Plaintiff's argument is unpersuasive. Even if his claim were not untimely, Plaintiff is not entitled to Rule 60(b) relief for judicial "mistake, inadvertence, surprise or excusable neglect" after deliberately choosing not to pursue his judicial mistake claims on appeal. *See Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) ("Allowing motions to vacate pursuant to Rule 60(b) after a deliberate choice has been made not to appeal, would allow litigants to circumvent the appeals process and would undermine greatly the policies supporting finality of judgments.").

## III

## Plaintiff's "Surprise" or "Excusable Neglect"

As noted above, when this Court issued its Order Granting Defendants' Motion for Sanction of Dismissal (Doc. No. 52), it considered a number of indisputable facts influencing its decision. First, after failing to complete his first deposition, Plaintiff failed to appear at his second deposition or to timely notify Defendants that he would not appear. Second, after being admonished that his failure to comply with court orders would result in dismissal of his action, Plaintiff failed to timely file his pretrial statement as required under the Second Supplemental Discovery Order. Third, Plaintiff had failed to respond to the summary judgment motions filed by Defendants. Finally, Plaintiff failed to respond to Defendants' Motion for Sanction of Dismissal.

Plaintiff argues that the order dismissing his case was issued due to his "surprise" or "excusable neglect" and that he is, therefore, entitled to relief under Federal Rule of Civil Procedure 60(b)(1). Plaintiff asserts that he is not culpable for his failure to attend his deposition because his sister's car broke down on the day of the deposition, his alternate means of transportation to the deposition did not materialize, and he promptly notified the Defendants of the reasons for his failure to appear. Plaintiff ignores the fact that counsel for Defendants called him to inquire why he had failed to appear for the second deposition he had promised to attend.

Analysis of Plaintiff's "excusable neglect" argument under the framework set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), makes clear that Plaintiff is not entitled to relief. In determining whether a Plaintiff's neglect is excusable under Federal Rule 60(b)(1), a court must consider: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay; (3) the reason for the delay, including whether

it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith. *Id*. at 395.

First, as explained by this Court in the Order Granting Defendants' Motion for Sanction of Dismissal (Doc. No. 52), and in the Order Denying Plaintiff's Motion for Reconsideration (Doc. No. 69), delays in discovery caused by Plaintiff, including Plaintiff's failure to complete his first deposition, failure to appear for his second deposition, and failure to timely file a pretrial statement prejudiced Defendants by hindering their efforts to prepare for trial.

Second, as noted in this Court's previous orders, Plaintiff's actions have caused discovery to be delayed at least twice, for a total of more than two months. This Court had previously advised Plaintiff of the Eastern District's docket overload, and the resulting difficulty of rescheduling trials and finding available courtrooms. Plaintiff's present motion comes almost 10 months after the case was originally dismissed for his failure to comply with this Court's orders.

Third, Plaintiff still does not explain why he failed to timely file a pretrial statement or oppose Defendants' motion for sanctions, despite expressly being warned in the Second Supplemental Discovery Order and Scheduling Order that his "failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of the action," and expressly being warned that failure to abide by his obligations under this Court's discovery orders "may result in an order of sanctions, including, but not limited to, dismissal of this action." (Doc. No. 41.)

Plaintiff's sole argument is that he was unable to attend his second deposition because his sister's car broke down and his alternate means of transportation did not materialize. This Court finds, once again, that Plaintiff's excuses are not credible. Plaintiff has, thus far, offered at least six different explanations for his failure to attend his second deposition. According to the

Certificate of Non-Appearance taken on the day of the scheduled deposition, Plaintiff originally provided three justifications for his failure to attend: (1) car troubles prevented him from attending the deposition; (2) an unnamed attorney advised him not to appear; and (3) he was upset because he did not receive a copy of the transcript from his first deposition. In his Motion for Reconsideration, Plaintiff asserted that he failed to attend his deposition because: (1) a physical handicap prevented him from attending; and (2) Defendants failed to compensate him for his appearance at the deposition. Plaintiff now claims that he failed to appear because: (1) his sister's car broke down; and (2) his niece failed to arrive in time to drive him to the deposition. Furthermore, while Plaintiff claims that he acted diligently by informing Defendants of the reasons for his failure to appear, he did not do so until Defendants' counsel telephoned him one hour after the deposition was supposed to begin. In fact, Plaintiff made no affirmative efforts to notify Defendants in advance that he would not appear.

Finally, in light of Plaintiff's disingenuous conduct throughout this litigation and wilful failure to abide by the Court's scheduling orders, the Court finds as fact that Plaintiff acted in bad faith. This finding is supported not only by the inconsistencies noted above, but also by the statements made by Plaintiff when Defendants' counsel called him on the day of his second deposition. Even if Plaintiff's transportation statements are taken as true, car troubles were not the only reason that Plaintiff failed to appear for his deposition. Plaintiff himself told Defendants' counsel that an unnamed attorney advised him not to appear and that he would not proceed without a transcript of the first effort to depose him. Contrary to Plaintiff's claims, the Court is unconvinced that he diligently arranged transportation and actually set aside the day to attend his deposition.

While the law favors trial on the merits, the question before this Court on Plaintiff's Motion for Relief From Dismissal under Rule 60(b)(1) is whether Plaintiff's failure to attend his second deposition, file a timely pretrial statement,

and obey the orders of this Court resulted from "surprise" or "excusable neglect." *See*, *e.g.*, *Lemoge v. United States*, 587 F.3d 1188, 1195–96 (9th Cir. 2009). Weighing the *Pioneer* factors and considering the circumstances of the case, the Court concludes that the discovery delays caused by Plaintiff did not result from "surprise" or "excusable neglect." Plaintiff has yet to provide a reason for failing to file a timely pretrial statement pursuant to this Court's Second Supplemental Discovery Order and failing to oppose Defendants' motion for sanctions. He has not established that his neglect as to these matters was excusable, and his excuses for failing to appear at his second deposition are not credible. He has simply not shown entitlement to the relief he seeks.

## IV

## Conclusion

Plaintiff's Motion for Relief from Dismissal or Court Order is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of September, 2010.

/s/ Richard C. Tallman
UNITED STATES CIRCUIT JUDGE
Sitting by designation